UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEILA CRUZ MCCOY,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY HHS, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 24cv0080-LL-BGS<br><br>**ORDER:**<br><br>**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]; AND**<br><br>**(2) DISMISSING COMPLAINT WITHOUT PREJUDICE** |

　　　　Before the Court is Plaintiff Leila Cruz McCoy's ("Plaintiff") Application to Proceed in Forma Pauperis ("IFP"). ECF No. 2. Plaintiff, an individual proceeding pro se, filed a Complaint against Defendants San Diego County Health and Human Services, San Diego County Child Welfare Services, Kimberly Giardina, Christopher Hines, Lynette Miller, Tien Nguyen, and Nick Macchione (collectively "Defendants") in the United States District Court for the Eastern District of California. ECF No. 1. On January 9, 2024, the United States District Court for the Eastern District of California transferred this action to this Court to cure the defect in venue. *See* ECF Nos. 4, 5. For the following reasons, the Court **GRANTS** Plaintiff's Application to Proceed IFP and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

I.  **MOTION TO PROCEED IN FORMA PAUPERIS**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a); S.D. Cal. CivLR 4.5(a). A court may authorize the action to proceed despite a plaintiff's failure to prepay the entire fee if the plaintiff submits an affidavit, including a statement of all their assets, showing that they are unable to pay filing fees. *See* 28 U.S.C. § 1915(a); *Andrews v. Cervante*s, 493 F.3d 1047, 1051–52 (9th Cir. 2007). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). The facts as to an affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Here, Plaintiff filed an affidavit[1] indicating she is "blind, mobility impaired and has [a] terminal chronic illness" and that she is receiving Social Security benefits. *See* ECF No. 2 at 1. She has three children who are dependent on her for support. *See id.* at 2. She pays $350.00 a month for "[h]ome health aide," pays $50.00 a month or $500.00 total for her "Elan Credit Card," and spends money for food and a phone. *Id.* Additionally, Plaintiff states that she "cannot go to [the] shelter due to needing [a] caretaker" for her disabled children and for herself. *Id.* Under these circumstances, the Court finds that requiring Plaintiff to pay the filing fee would impair her ability to obtain the necessities of life. *See Escobedo*, 787 F.3d at 1234. Therefore, the Court grants Plaintiff's Application to Proceed IFP.

///

---

[1] In this district, pro se litigants seeking IFP status are required to use the long form application (AO 239). Here, Plaintiff submitted the short form application (AO 240) seeking leave to proceed IFP. However, in the Eastern District of California, or the district that Plaintiff originally filed this action in, pro se litigants seeking IFP status may submit the short form application. As such, the Court will consider Plaintiff's IFP motion.

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

A complaint filed by a plaintiff proceeding IFP is subject to mandatory screening by the court in which the complaint is brought. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Under 28 U.S.C. § 1915(e)(2), the court must dismiss a case if the court determines that the action: (i) is frivolous or malicious; (ii) fails to state a claim, or (iii) seeks monetary relief against persons immune from suit. *See* 28 U.S.C. § 1915(e)(2).

To determine whether the action must be dismissed under the second ground, a failure to state a claim, the court applies "the familiar standard of Federal Rule of Civil Procedure 12(b)(6)." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Further, the court has an obligation where the plaintiff "is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court, however, "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Moreover, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." *Id.*

Additionally, complaints must comply with Federal Rule of Civil Procedure 8, which requires that "a pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).

Here, Plaintiff's Complaint does not contain sufficient factual matter to state a claim for relief that is plausible on its face. Plaintiff alleges Defendants caused her damages in violation of the First Amendment, Fourteenth Amendment, and Section 1983, but Plaintiff does not state facts as to how these laws or rights were violated. ECF No. 1 at 4. According to Plaintiff, Defendants discriminated against Plaintiff and excluded Plaintiff from programs, services, and facilities due to her disability, religion, and race. *Id.* at 5. Additionally, Plaintiff states that she was "falsely accused of child abuse and neglect" due to her religious practices and "falsely accused of being mentally ill" because she requested reasonable accommodations. *Id.* at 6. Plaintiff, however, provides no further support or facts for these allegations. Plaintiff's Complaint is comprised of incoherent assertions that fail to allege her entitlement to relief and her allegations are too limited for the Court to infer a cognizable legal basis, even under the liberal pleading standard afforded to a pro se plaintiff. *See id.* at 5–6; *Hebbe v. Pliler*, 627 F.3d at 342 n.7. Plaintiff's mostly unintelligible Complaint is not enough, and this Court may not supply essential elements of a claim that Plaintiff has not pled. *See Ivey*, 673 F.2d at 268.

Further, Plaintiff's Complaint does not comply with Rule 8, since it is ambiguous and does not provide Defendants adequate notice of the legal theory Plaintiff is advancing. Plaintiff seeks relief in the form of "40 million dollars and punitive damages," "Unruh Act and ADA violations compensation," "[r]estoration of underpayment in benefits for CalWorks, CalFresh, CalWorks Housing and Homeless Assistance, IHSS Payments, P-EBT benefits," but Plaintiff has not explained the grounds on which she is entitled to this relief from the Court. *Id.* Ultimately, Plaintiff's allegations in the Complaint are vague, conclusory, or both. Accordingly, the Court dismisses Plaintiff's Complaint for failing to state a claim upon which relief may be granted and failure to comply with Rule 8.

### III.   CONCLUSION

Based on the foregoing, the Court:

1. **GRANTS** Plaintiff's Application to Proceed IFP; and
2. **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

Plaintiff may file an amended complaint by **February 29, 2024**. If Plaintiff files an amended complaint, she must state causes of action and present facts sufficient to plausibly allege those causes of action.² *See Akhtar*, 698 F.3d at 1212. The Court advises Plaintiff that any amended complaint she files will be subject to another mandatory screening. Should Plaintiff fail to file an amended complaint within the time provided, the Court may enter a final order dismissing this civil action with prejudice.

**IT IS SO ORDERED.**

Dated:  January 18, 2024

Honorable Linda Lopez
United States District Judge

---

² Plaintiff and her claims are not new to this Court, and this Court again cautions Plaintiff "to file an amended complaint rather than filing a new civil case as she has a history of repeatedly filing new complaints without heeding the courts' instructions informing her of deficiencies in many of her prior lawsuits." *See Cruz v. San Diego Cnty. CWS*, 2023 WL 5490137, at *3 (S.D. Cal. Aug. 24, 2023). Plaintiff has brought multiple actions with similar claims in the Southern District of California, and these actions have been repeatedly dismissed for failure to state a cause of action and failure to comply with Rule 8. *See, e.g., id.*; *McCoy v. California Civ. Rights Dept.*, 2023 WL 4980547, at *2 (S.D. Cal. Aug. 3, 2023) (dismissing complaint for failure to state a claim); *McCoy v. Rady Children's Hosp.*, 2023 WL 3134595, at *4 (S.D. Cal. Apr. 27, 2023) (same); *McCoy v. San Diego Cnty. Child Welfare Servs.*, 2023 WL 3103801, at *2 (S.D. Cal. Apr. 26, 2023) (same); *McCoy v. San Diego Cnty. Dept. Health and Human Servs.*, No. 20-cv-1980-TWR-BGS (S.D. Cal. 2020) (same).

5

24cv0080-LL-BGS